UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE JOHNLEWIS | CIVIL ACTION |
| VERSUS | CASE NO. 21-504 |
| APACHE INDUSTRIAL SERVICES, INC. | SECTION: "G" |

## ORDER AND REASONS

Pending before the Court is Plaintiff Andre Johnlewis' ("Plaintiff") "Motion for Leave to File Amended Pleading."[1] On October 26, 2020, Plaintiff Andre Johnlewis ("Plaintiff") filed a petition against Defendant Apache Industrial Services, Inc. ("Apache") in the 129th Judicial District Court of Harris County, State of Texas.[2] In the Petition, Plaintiff alleges that he was injured on July 31, 2020, while working on a vessel for American Pollution Control Corporation ("AMPOL").[3] Plaintiff alleges Apache had negligently installed scaffolding on the vessel.[4] Plaintiff alleges that he struck his head on a crossbar of the scaffolding, which caused him to fall off of a staircase onto his head and back.[5]

On December 3, 2020, Apache removed the case to the United States District Court for the Southern District of Texas, Houston Division, asserting diversity jurisdiction pursuant to 28 U.S.C

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1-5.

[3] *Id.* at 3.

[4] *Id.*

[5] *Id.* at 3–4.

§ 1332.[6] Apache asserted that there was complete diversity of citizenship because Plaintiff is a Louisiana citizen and Apache is a Delaware corporation with its principal place of business in Texas.[7] On January 4, 2021, while this case was still pending in the Southern District of Texas, Plaintiff filed a motion to remand, arguing that the removal violated the forum defendant rule.[8] On January 8, 2021, Plaintiff filed the instant motion for leave to file an amended complaint, seeking to add as defendants Great Lake Dredge & Dock Company, LLC ("Great Lake") and Bollinger Shipyards, Inc. ("Bollinger").[9] Considering that Bollinger, a company incorporated in and with its principal place of business in Louisiana, would destroy diversity jurisdiction if added as a defendant, Plaintiff again moved for the above-captioned matter to be remanded to state court, this time based on a lack of subject matter jurisdiction.[10]

On January 27, 2021, Apache filed an opposition to the motion for leave to file an amended complaint.[11] Apache argued that the motion for leave to file an amended complaint should be denied because Bollinger was not subject to personal jurisdiction in Texas and therefore could not be joined.[12] Alternatively, Apache moved the Texas court to transfer the action to the Eastern District of Louisiana pursuant to 28 U.S.C. 1404(a).[13] On March 9, 2021, without ruling on the

---

[6] Rec. Docs. 1, 2.

[7] Rec. Doc. 2 at 4.

[8] Rec. Doc. 8.

[9] Rec. Doc. 9.

[10] *Id.* at 3.

[11] Rec. Doc. 13.

[12] *Id.*

[13] *Id.*

motion for leave to file an amended complaint or the motion to remand, the presiding judge in the Southern District of Texas transferred the matter to the Eastern District of Louisiana.[14]

On June 30, 2021, this Court met with the parties to determine the status of the case after transfer.[15] The Court ordered Plaintiff to file supplemental briefing on the motion for leave to file an amended complaint by July 7, 2021.[16] The Court ordered that any supplemental briefing in opposition to the motion be filed by July 14, 2021.[17] On July 2, 2021, Apache filed a "Notice of Withdrawal of Opposition to Plaintiff's Motion to Amend Pleading," in which Apache "respectfully submit[ted] that the amendment should be allowed."[18] On July 7, 2021, Plaintiff filed a supplemental brief in support of the motion for leave to file.[19]

The addition of Bollinger as a defendant would destroy diversity jurisdiction because both Plaintiff and Bollinger are citizens of Louisiana. Diversity jurisdiction was the only basis for jurisdiction raised in the Notice of Removal.[20] Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In its brief withdrawing its opposition to the motion for leave to file, Apache indicated that it "will submit a supplemental memorandum in opposition to the Motion to Remand for the Court's

---

[14] Rec. Doc. 22.

[15] Rec. Doc. 47.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 46.

[19] Rec. Doc. 48.

[20] Rec. Doc. 1.

consideration of the legal issues presented."[21] To date, no supplemental briefing has been filed. The Court will reserve its decision on the pending motion until it has had an opportunity to review Apache's supplemental briefing. Accordingly,

**IT IS HEREBY ORDERED** that Apache is granted leave to file supplemental briefing in opposition to Plaintiff's motion to remand by August 13, 2021.

**NEW ORLEANS, LOUISIANA,** this __30th__ day of July, 2021.

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[21] Rec. Doc. 46 at 2.