UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDRE JOHNLEWIS                                   CIVIL ACTION

VERSUS                                            CASE NO. 21-504

APACHE INDUSTRIAL SERVICES, INC.                  SECTION: "G"


ORDER AND REASONS

Pending before the Court are Plaintiff Andre Johnlewis' ("Plaintiff") "Motion for Leave to File Amended Pleading"[1] and "Motion to Remand."[2] Considering the motions, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion for leave to file an amended pleading, denies the motion to remand, and dismisses the case without prejudice for lack of jurisdiction.

I. Background

On October 26, 2020, Plaintiff Andre Johnlewis ("Plaintiff") filed a petition against Defendant Apache Industrial Services, Inc. ("Apache") in the 129th Judicial District Court of Harris County, State of Texas.[3] In the Petition, Plaintiff alleges that he was injured on July 31, 2020, while working on a vessel for American Pollution Control Corporation ("AMPOL").[4]

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1-5.

[4] *Id.* at 3.

1

Plaintiff claims Apache had negligently installed scaffolding on the vessel.[5] Plaintiff alleges that he struck his head on a crossbar of the scaffolding, which caused him to fall off of a staircase onto his head and back.[6]

On December 3, 2020, Apache removed the case to the United States District Court for the Southern District of Texas, Houston Division, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7] Apache asserted that there was complete diversity of citizenship because Plaintiff is a Louisiana citizen and Apache is a Delaware corporation with its principal place of business in Texas.[8] On January 4, 2021, while this case was still pending in the Southern District of Texas, Plaintiff filed the instant motion to remand, arguing that the removal violated the forum defendant rule.[9] On January 8, 2021, Plaintiff filed the instant motion for leave to file an amended complaint, seeking to add as defendants Great Lake Dredge & Dock Company, LLC ("Great Lake") and Bollinger Shipyards, Inc. ("Bollinger").[10] Considering that the addition of Bollinger, a company incorporated in and with its principal place of business in Louisiana, would destroy diversity jurisdiction, Plaintiff again moved for the above-captioned matter to be remanded to state court, this time based on a lack of subject matter jurisdiction.[11]

---

[5] *Id.*

[6] *Id.* at 3–4.

[7] Rec. Docs. 1, 2.

[8] Rec. Doc. 2 at 4.

[9] Rec. Doc. 8.

[10] Rec. Doc. 9.

[11] *Id.* at 3.

On January 27, 2021, Apache filed an opposition to the motion for leave to file an amended complaint.[12] Apache argued that the motion for leave to file an amended complaint should be denied because Bollinger was not subject to personal jurisdiction in Texas and therefore could not be joined.[13] Alternatively, Apache moved the Texas district court to transfer the action to the Eastern District of Louisiana pursuant to 28 U.S.C. 1404(a).[14] On March 9, 2021, without ruling on the motion for leave to file an amended complaint or the motion to remand, the presiding judge in the Southern District of Texas transferred the matter to the Eastern District of Louisiana.[15]

On June 30, 2021, this Court met with the parties to determine the status of the case after transfer.[16] The Court ordered Plaintiff to file supplemental briefing on the motion for leave to file an amended complaint by July 7, 2021.[17] The Court ordered that any supplemental briefing in opposition to the motion be filed by July 14, 2021.[18] On July 2, 2021, Apache filed a "Notice of Withdrawal of Opposition to Plaintiff's Motion to Amend Pleading," in which Apache "respectfully submit[ted] that the amendment should be allowed."[19] In recognition that the addition of Bollinger would destroy diversity jurisdiction, Apache indicated that it "will submit a supplemental memorandum in opposition to the Motion to Remand for the Court's consideration

---

[12] Rec. Doc. 13.

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 22.

[16] Rec. Doc. 47.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 46.

of the legal issues presented."[20] On July 7, 2021, Plaintiff filed a supplemental brief in support of the motion for leave to file.[21] Given that the motion for leave to file an amended complaint is now unopposed, the Court grants the motion.

On August 2, 2021, the Court granted Apache leave to file supplemental briefing in opposition to Plaintiff's motion to remand.[22] On August 9, 2021, Apache filed a supplemental opposition to the motion to remand.[23] In its supplemental briefing, Apache "recognizes that diversity jurisdiction is destroyed by adding this non-diverse defendant, Bollinger Shipyards, which was the basis of removal of the plaintiff's case from state court to federal court," but "submits this Court still has subject matter jurisdiction over the plaintiff's case under maritime or admiralty jurisdiction, 28 U.S.C. § 1333."[24] Apache highlights that Plaintiff, in the Amended Complaint, provided that this suit "is brought pursuant to the Jones Act, maritime law, unseaworthiness, and Louisiana and/or Texas law," as well as that the injury occurred on navigable waters.[25] Therefore, Apache argues, Plaintiff's claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1333.[26]

---

[20] *Id.* at 2.

[21] Rec. Doc. 48.

[22] Rec. Doc. 50.

[23] Rec. Doc. 51.

[24] *Id.* at 1–2.

[25] *Id.* at 3–6.

[26] *Id.*

## II. Law & Analysis

Federal courts are courts of limited jurisdiction.[27] A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[28] The removing party bears the burden of demonstrating that federal jurisdiction exists.[29] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[30] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[31]

Diversity jurisdiction was the only basis for jurisdiction raised by Apache in the Notice of Removal.[32] The addition of Bollinger as a defendant in the amended complaint, however, destroys diversity jurisdiction because both Plaintiff and Bollinger are citizens of Louisiana. While "[g]enerally, jurisdiction is determined at the time the suit is filed," the "addition of a nondiverse party will defeat jurisdiction."[33] Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff

---

[27] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[28] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[29] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[30] *Manguno*, 276 F.3d at 723.

[31] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[32] Rec. Docs. 1, 2.

[33] *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)).

seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[34]

A court need not remand a case when diversity is destroyed, however, if an independent basis for jurisdiction exists.[35] To that point, in responding to the instant motion to remand, Apache asserts admiralty jurisdiction under 28 U.S.C. § 1333 as an alternative basis for this Court's jurisdiction.[36]

Pursuant to 28 U.S.C. § 1333(1), district courts have original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are entitled."[37] The Supreme Court has interpreted the "saving to suitors" clause as preserving the concurrent jurisdiction of the state and federal courts over admiralty and maritime claims.[38] Thus, courts have concluded that general maritime claims are not removable when filed in state court absent an independent basis of jurisdiction other than 28 U.S.C. § 1333.[39] That is because such maritime cases brought in state court fall within the Savings to Suitors Clause's "exception"

---

[34] 28 U.S.C. § 1447(e).

[35] *Great N. & S. Navigation Co. LLC French Am. Line v. Certain Underwriters at Lloyd's, London*, No. 18-4665-WBV-KWR, 2019 WL 5957583, at *2 (E.D. La. Nov. 13, 2019); *Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Survs.*, 862 F. Supp. 1578, 1582 (W.D. La. 1994).

[36] Rec. Doc. 51.

[37] 28 U.S.C. § 1333(1).

[38] *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 (2001) ("Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."); *see also Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. 2014) (Duval, J.).

[39] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (holding that "removal of maritime cases is permissible as long as there is an independent basis for federal jurisdiction"); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (noting that complete diversity of citizenship was required between the parties for removal of an admiralty claim to be proper); *Gregoire*, 38 F. Supp. 3d at 754 ("In short, general maritime law claims are not now removable—nor have they ever been—without an independent basis of jurisdiction other than 28 U.S.C. § 1333. . . ."); *Allied Shipyard Inc. v. Moore*, No. CV 20-2744, 2020 WL 7351306, at *1–2 (E.D. La. Dec. 15, 2020) (Milazzo, J.).

to original federal jurisdiction.[40] Thus, although federal courts do have jurisdiction over maritime claims under § 1333 in the sense that a plaintiff can choose to file a claim in federal court, federal courts do not have original jurisdiction when those claims are first filed in state court under the Savings to Suitors Clause.[41]

The Court lacks jurisdiction because Plaintiff originally filed his claim in state court pursuant to the Savings to Suitors Clause. Although the case was removed based on diversity jurisdiction, diversity has been destroyed by the addition of a non-diverse defendant. And, because Plaintiff originally filed suit pursuant to the Savings to Suitors Clause "exception" to original jurisdiction, this Court cannot exercise jurisdiction based on § 1333.

Although non-binding on this Court, another judge in the Eastern District of Louisiana has come to the same conclusion. In *Davis v. American Commercial Barge Line Co.*, the defendants removed the case to federal court based on diversity.[42] The plaintiff then added two non-diverse defendants and filed a motion to remand.[43] The original defendants opposed, arguing that the court had original jurisdiction under 28 U.S.C. § 1333.[44] The district judge rejected that argument, explaining that:

---

[40] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 362 (1959) (maritime actions seeking common-law remedies fell within the saving-to-suitors clause and were "traditionally administered by common-law courts of the original States"); *Barker*, 713 F.3d at 222 ("However, admiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction.").

[41] *Parker v. U.S. Environ. Servs., LLC*, No. 14-292, 2014 WL 7338850 at *3 (S.D. Tex. 2014) ("[U]nlike *in rem* claims, claims filed in state court pursuant to the saving to suitors clause do not fall within the original jurisdiction of the federal courts."); *Figueroa v. Marine Inspection Services*, 28 F. Supp. 3d 677 (S.D. Tex. 2014) ("While this Court would have "original jurisdiction" pursuant to 28 U.S.C. § 1333 over Figueroa's claims had he filed them here . . . 'original jurisdiction' evaporated when he filed his action in state court . . .")

[42] *Davis v. Am. Com. Barge Line Co.*, No. 98-537, 1998 WL 754541, at *1 (E.D. La. Oct. 22, 1998) (Fallon, J.).

[43] *Id.*

[44] *Id.*

> The plaintiff is the master of her complaint. She originally chose a state venue to pursue her claim. The case was removed without objection under diversity; however, since diversity no longer exists, and in light of Davis's rights under the "savings to suitors" clause of § 1333, her motion to remand should be granted. Because the "savings to suitors" clause preserves Davis's nonmaritime claims, her suit against the Dock Board may proceed in state court.[45]

The court went on to state that with the inclusion of the non-diverse defendant, "no independent nonmaritime basis for federal jurisdiction exists."[46] As a result, the court remanded the case. Although non-binding on this Court, *Davis* persuasively demonstrates that the existence of a maritime claim that was originally filed in state court is insufficient to retain jurisdiction over a case after diversity has been destroyed. The Court agrees with the reasoning in *Davis*, and similarly finds that the Court cannot exercise jurisdiction based on § 1333.

Apache relies on *Thommassie v. Antill Pipeline Const. Co.*, authored by the same Judge who decided *Davis*.[47] In *Thommassie*, the plaintiff, who had originally filed the case in federal court, amended his complaint to add a non-diverse party, and then argued that the case must either be "remanded to a state court of competent jurisdiction" or "dismissed, without prejudice."[48] The court held that because the complaint did not designate an admiralty claim, and there was no longer jurisdiction based on diversity, the case had to be dismissed for lack of jurisdiction.[49] Apache appears to rely on the suggestion in that opinion that *had* the plaintiff's complaint stated an admiralty claim, the court could have retained jurisdiction. However, Apache overlooks the essential fact that the plaintiff in *Thommassie* filed the complaint in federal court, and thus *did not*

---

[45] *Id.* at *2.

[46] *Id.*

[47] *Thommassie v. Antill Pipeline Const. Co.*, 2014 WL 2520051 (E.D. La. June 4, 2014) (Fallon, J.).

[48] *Id.* at *1.

[49] *Id.* at *3.

*invoke* the Savings to Suitors clause.[50] Thus, had the complaint in that case stated an admiralty claim, the court could have retained jurisdiction based on § 1333 because federal courts have original jurisdiction over admiralty claims that are filed directly in federal court.[51]

Here, of course, the Plaintiff filed the complaint in state court, invoking the Savings to Suitors clause "exception" to original jurisdiction. As a result, the Court cannot retain jurisdiction based on Plaintiff's admiralty claim.

Although ordinarily a remand to state court would be appropriate, the Court cannot do so in this case and instead concludes that the case must be dismissed without prejudice. Plaintiff originally filed this case in state court in Texas, before it was removed to the Southern District of Texas and transferred to the Eastern District of Louisiana. A federal district court cannot remand a case to a state court other than the one in which the federal court sits.[52] Since the Court can neither exercise jurisdiction over the case, nor remand it to the state court in Texas, the Court will instead dismiss the case without prejudice. Additionally, the Court notes that Plaintiff has filed a separate suit against these same Defendants in the 19th Judicial District Court for the Parish of East Baton Rouge.[53]

---

[50] *Id.* at *1.

[51] 28 U.S.C. § 1333.

[52] Wright and Miller, 14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed.) ("Federal district judges do not have the authority to "transfer" cases by remanding them to different courts within the same state, let alone to courts of another state, regardless of jurisdiction, venue, and efficiency considerations that might favor that action."); *Bloom v. Barry*, 755 F.2d 356 (3d Cir. 1985) (finding that a federal district court in New Jersey could not remand the case to a New Jersey state court where the case was originally filed in Florida state court, removed to federal court, and transferred to the district court in New Jersey); *Allfirst Bank v. Progress Rail Services Corp.*, 178 F. Supp. 2d 513, 519 (D. Md. 2001) (finding that the court could not remand across state lines to a state court in Georgia, even though the case had originally been filed in Georgia state court before being removed and transferred.).

[53] Rec. Doc. 60 at 3. Defendants have not sought removal of that case to federal court. *Id.*

### III. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff Andre Johnlewis' "Motion for Leave to File Amended Pleading"[54] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Andre Johnlewis' "Motion to Remand"[55] is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA,** this  27th  day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] Rec. Doc. 9.

[55] Rec. Doc. 8.